UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-20413- UNGARO/TORRES

ADRIENNE BOWMAN, individually,

        Plaintiff,

v.

PAMEN SHOPPING CENTER, INC., a
Florida corporation,

        Defendant.

_____/

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant Pamen Shopping Center, Inc. answers the Complaint as follows:

1. Defendant is without sufficient information and knowledge to form a belief as to the allegation contained in this paragraph of the Complaint and, therefore, it is denied and strict proof thereof is demanded.

2. Defendant admits that it owns the property known as Pamen Shopping Center, 3941-3961 NW 7th Street, Miami, Florida, and is located in the County of Miami-Dade. Defendant is without sufficient information and knowledge to form a belief as to the remaining allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

3. Defendant admits the allegations contained in this paragraph of the Complaint.

4. Defendant admits that the Court has original jurisdiction over this action. The Defendant denies that it has committed violations of Title III of the American with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

5. Defendant admits that Congress enacted the ADA. Defendant is without sufficient information and knowledge to form a belief as to the remaining allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

6. Defendant admits that Congress enacted the ADA. Defendant is without sufficient information and knowledge to form a belief as to the remaining allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

7. Defendant is without sufficient information and knowledge to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

8. Defendant is without sufficient information and knowledge to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

9. Defendant is without sufficient information and knowledge to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

10. Defendant is without sufficient information and knowledge to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

11. Defendant is without sufficient information and knowledge to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

12. Defendant is without sufficient information and knowledge to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

13. Defendant denies the allegations contained in this paragraph of the Complaint and strict proof thereof is demanded.

14. Defendant is without sufficient information and knowledge to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

15. Defendant denies the allegations contained in this paragraph of the Complaint and strict proof thereof is demanded.

16. Defendant is without sufficient information and knowledge to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, they are denied and strict proof thereof is demanded.

17. Defendant denies the allegations contained in this paragraph of the Complaint and strict proof thereof is demanded.

18. Defendant denies the allegations contained in this paragraph of the Complaint and strict proof thereof is demanded.

19. Defendant admits that the Court has the authority to enter an injunction, but denies that Plaintiff is entitled to that relief.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted. The Complaint does not set forth sufficient facts to support a claim for injunctive relief. Plaintiff has not plead sufficient facts to support the claim that she does not have an adequate remedy at law, has a likelihood of success on the merits, she will suffer irreparable harm in the event an injunction is denied, or that a denial of an injunction would disserve the public interest. Further, Plaintiff has failed to plead how the alleged violations of the Complaint can be remedied by Defendant and how much modifications are readily achievable.

### Second Defense

Plaintiff's claims are barred, in whole or part, by Plaintiff's lack of standing to assert such claims. Plaintiff is not a qualified individual with a disability under the ADA. Further, there is no sufficient nexus between Plaintiff's alleged disability and the proposed modifications.

### Third Defense

Plaintiff's claims are barred, in whole or part, because Plaintiff's proposed modifications are not readily achievable.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, because the proposed modifications and/or steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, and/or accommodations provided.

### Fifth Defense

Plaintiff's claims are barred, in whole or part, because the proposed modifications would constitute an undue burden on Defendant.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, because the proposed modifications would result in a direct threat to the safety of others.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, because the proposed modifications are structurally impracticable.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, because the proposed modifications are technically infeasible.

### Ninth Defense

Plaintiff has failed to provide Defendant with notice and/or an opportunity to cure any alleged violations, all such violations being specifically denied, and therefore Plaintiff and her counsel are not entitled to any relief and are not entitled to recover their attorneys' fees or costs.

### Tenth Defense

Some of the modifications demanded by Plaintiff are subject to and limited by applicable local, state, or other laws, and, as such, may not be able to be performed, assuming *arguendo* that such modifications would otherwise be required.

### Eleventh Defense

Plaintiff has not alleged, nor can she show, that future harm, if any, is imminent and irreparable. As a result, injunctive relief is not appropriate.

**Twelfth Defense**

All of the alleged violations set forth in the Complaint will be remediated to the extent readily achievable prior to a judgment or consent decree being entered and, therefore, Plaintiff's claims will become moot and must be dismissed.

**ATTORNEYS FEES**

Defendant has retained the law firm of Concepcion Martinez & Bellido and have agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. §1927 and 42 U.S.C. §12205, Defendant is entitled to recover attorney's fees and costs incurred in this action in the event that it is deemed the prevailing party in this action, or otherwise demonstrates entitlement to fees under said statutes.

WHEREFORE, Defendant demands that judgment be entered in its favor and against Plaintiff with all costs and attorneys' fees taxed against Plaintiff.

Respectfully submitted:

/s/<u>Scott A. Burr</u>
   Scott A. Burr
   Fla. Bar. No. 99325
   sburr@cfclaw.com
   CONCEPCION MARTINEZ & BELLIDO
   255 Aragon Avenue, 2nd Floor
   Coral Gables, Florida 33134
   Tel: (305)444-6669
   Fax: (305)444-3665

CASE NO. 14-CV-20413- UNGARO/TORRES

**CERTIFICATE OF SERVICE**

I hereby certify that on 17th of March, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                              s/ Scott A. Burr
                                                 Scott A. Burr

CASE NO. 14-CV-20413- UNGARO/TORRES

## SERVICE LIST

Jeanette E. Albo, Esquire
Thomas B. Bacon, P.A.
9444 S.W. 69th Court
Miami, Florida 33156
jalbo@bellsouth.net

Thomas B. Bacon, Esquire
Thomas B. Bacon, P.A.
4868 S.W. 103 Avenue
Cooper City, Florida 33328
tbb@thomasbaconlaw.com

*Counsel for Plaintiff*